Donald C. Thomas
Delaney, Wiles, Hayes,
   Gerety, Ellis & Young, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, AK  99501
phone:	(907) 279-3581
fax:	(907) 277-1331
e-mail:	dct@delaneywiles.com

Attorneys for Plaintiff
National General Assurance Company

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NATIONAL GENERAL ASSURANCE COMPANY, a Missouri corporation,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL E. LAMB,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. _____ CI |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff National General Assurance Company (NGAC), by and through its attorneys, and for its Complaint for Declaratory Judgment against defendant, states and alleges as follows:

## NATURE OF COMPLAINT

1. This is an action for declaratory relief to determine the parties' obligations and rights under underinsured motorists (UIM) coverage of a motor vehicle insurance policy issued by plaintiff to defendant.

## IDENTITY OF PARTIES

2. National General Assurance Company (NGAC) is an entity incorporated and doing business in the State of Missouri. NGAC has paid its taxes and filed its annual reports when due, at all times relevant hereto has held a valid certificate of authority issued by the State of Alaska Division of Insurance, and is otherwise fully qualified to maintain this action.

3. Defendant Michael Lamb is a citizen of the State of Alaska.

## JURISDICTION AND VENUE

4. This declaratory judgment action is brought under 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure. Diversity of citizenship exists between the parties, and the amount in controversy is in excess of $75,000. The action is thus one in which this court has original jurisdiction under the provisions of 28 U.S.C. § 1332.

5. Venue is proper in this District pursuant to 28 U.S.C. 1391 because defendant is a resident of Alaska.

## UNDERLYING FACTS

6. NGAC issued a personal automobile insurance policy to defendant, said policy assigned policy number 3257557A04A (herein "the policy").

The policy was in effect on the date of the motor vehicle accident described in ¶11, below.

7.  Defendant was an insured under the policy on 14 June 2003.

8.  As stated on its amended declaration page effective 16 May 2003, the policy as of 16 May 2003 listed coverage on four vehicles; namely, a 1975 Chevrolet pickup, a 2002 Ford Explorer, a 2002 Toyota SUV, and a 1991 Toyota pickup. The policy did not list any motorcycle as a vehicle covered by the policy.

9.  Under Part C of the policy, NGAC provided uninsured/underinsured motorists coverage in the face amount of $250,000 per person and $300,000 per accident, subject to terms and conditions set forth in the policy.

10. One of the terms of Part C of the policy (Endorsement PP 04 93) provided:

**EXCLUSIONS**

A.  We do not provide Uninsured/Underinsured Motorists Coverage for "property damage" or "bodily injury" sustained:

   1.  By an "insured" while "occupying" any motor vehicle owned by that "insured" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

11. On 14 June 2003, defendant was involved in a motor vehicle accident (herein "subject accident") while he was driving a 1992 Harley Davidson motorcycle which he owned. Defendant was rear-ended by Jeffrey Anderson (Anderson), who was driving a Dodge pickup.

3

12. Defendant, along with his wife, sued Anderson in Alaska State Superior Court, Case No. 4FA-03-2534 Civil, seeking damages for bodily injury and property damage.

13. At the time of the subject accident, Anderson carried liability insurance coverage from State Farm in the face amount of $50,000 per person.

14. At a settlement conference held on 9 January 2006 in the *Lamb v. Anderson* state lawsuit, State Farm agreed to pay its policy limits to defendant.

15. At the time of the subject accident, defendant carried a "motorcycle policy" issued by Progressive Casualty Insurance Company or one of the Progressive group of insurance companies. Defendant's Progressive policy provided him UIM coverage in the face amount of $50,000 and specifically listed the motorcycle defendant was driving at the time of the subject accident as a covered vehicle.

16. Progressive has paid defendant $50,000 or more in UIM benefits for damages arising from the subject accident.

17. Defendant alleges his damages arising from the 14 June 2003 accident exceed $400,000.

18. It is defendant's position that the payments he has or will receive from Anderson, Anderson's liability insurer (State Farm), and Progressive have not made him whole and that he is entitled to pursue a claim for the full policy limits under the UIM coverage of the NGAC policy for damages he alleges arise from the subject accident.

19.  NGAC has advised defendant that he is not entitled to UIM coverage for damages related to the subject accident because he was occupying a vehicle he owned but which was not insured by NGAC at the time of that accident. Defendant disagrees these facts prevent him from pursuing UIM benefits under his NGAC policy.

## FIRST CAUSE OF ACTION • DECLARATORY RELIEF

20.  NGAC incorporates its prior allegations.

21.  NGAC is entitled to a declaration from this court that defendant is not entitled to UIM coverage for damages arising from the subject accident because such coverage was validly excluded, given the facts of the subject accident, under the express terms of the NGAC policy issued to defendant.

## PRAYER FOR RELIEF

WHEREFORE, NGAC respectfully prays for a judgment against defendant as follows:

1.  A judgment declaring that defendant is not entitled to UIM coverage from plaintiff as to damages he claims arise from the subject accident.

2.  *Costs and fees*: An order awarding NGAC its costs and attorney fees incurred in this action, and directing entry of the award on the judgment.

3.  Orders and judgments granting NGAC such additional relief as the court may find equitable and just under the circumstances.

Respectfully submitted, this _10_ day of January, 2006, at Anchorage, Alaska.

>DELANEY, WILES, HAYES,
>GERETY, ELLIS & YOUNG, INC.
>Attorneys for Plaintiff
>National General Assurance Company
>
>_/s/ Donald C. Thomas_
>Donald C. Thomas

112031